SAMUEL, Judge.
This is an appeal from a judgment dismissing the oppositions of one of the heirs to the final account filed by the dative testamentary executrix.
The facts are not in dispute. Ameen Joseph and his wife Palmyra each executed a last will and testament, with essentially the same provisions, leaving the usufruct of the disposable estate to the surviving spouse, imposing a testamentary trust on their respective estates, naming their 5 children beneficiaries under the trust, and naming each other as executor (or executrix). Mr. Joseph died in 1955. Mrs. Joseph died on February 3, 1963. No proceedings were instituted to open Mr. Joseph’s succession until the day after Mrs. Joseph’s death, at which time Betrous Joseph, one of their children, opened both successions in two separate proceedings.
Subsequently, the trial court ruled no administration was necessary in the succession of Mr. Joseph. Thereafter, on June 10, 1964, Betrous Joseph filled petitions in both successions to nullify the trusts on the ground they involved prohibited substitutions. These petitions were vigorously opposed by the other heirs who wanted to uphold the provisions of their parents’ wills. Judgments nullifying the trusts were rendered on November 5, 1964 in Mr. Joseph’s succession and on March 8, 1965 in this succession. Neither judgment was appealed and the property subsequently was disposed of as a result of a partition suit.
The items to which appellant now objects are: (1) the fee of the attorney for the succession in the sum of $8,873, which he contends is excessive; (2) the fee of the executrix in the sum of $3,306.26, which he also contends is excessive; and (3) the fee of $500 to his own attorney, which he contends should be increased to the sum of $7,500 and paid out of the mass of this succession.
As we understand appellant’s first contention, he opposes the fee of the attorney for the succession because it is computed on a basis of 10% rather than 5%, the latter being the percentage set out in the Minimum Fee Bill of the New Orleans Bar Association. Appellant admits the attorney for the succession is entitled to some additional fee by reason of his unsuccessful defense of the trust suits, but claims twice the minimum fee is excessive.
In commenting on the applicability of the Minimum Fee Bill of the New Orleans Bar Association, the' Supreme Court in the case of Succession of Weil, 205 La. 214, 17 So.2d 255, said in quoting the trial court: “It means that no lawyer who is a member of the Association shall charge a fee lower than that fixed by the Association. It was passed to prevent unfair competition among lawyers, and to hold them to an ethical line of conduct, and to dignify the profession.” The bill purports only to set minimum charges.
The amount allowed as attorney’s fees in the administration of a succession depends upon the particular or peculiar facts and circumstances of each case. Suc *464 cession of Weil, supra; Hunt v. Hill, 138 La. 583, 70 So. 522; Succession of Filhiol, 123 La. 497, 49 So. 138.
Applicable to all cases is the rule that in estimating the value of the attorney’s services consideration is given to the responsibility incurred, the extent and character of the work performed, the importance of the questions presented, the amount involved, the success attained and the legal knowledge, attainments and skill of counsel. Hargrove, Guyton, Van Hook & Ramey v. Blanchard, La.App., 216 So.2d 127; In re Lomm, La.App., 195 So.2d 416; Lofaso v. Blanchard, La.App., 185 So.2d 579; Succession of Franz, La.App., 133 So.2d 140.
The evidence establishes that the services of the attorney for the succession, who also represented all of the other heirs with the exception of appellant, have been rendered over a period of eight years. The assets consisted primarily of valuable rental property in the New Orleans Vieux Carre. The real estate, owned in indivisión two-thirds by the succession and one-third by heirs (one-fifteenth to each heir), subsequently sold for the sum of $167,300 of which, after deduction for auction expenses, the succession’s share was $104,000.
The succession involved much more than ordinary administration. In addition to legal work for the executrix, its attorney filed two separate lawsuits on behalf of the succession and heirs, one for property damage caused by pile driving, the other for property damage resulting from an automobile accident, and successfully handled a third claim for property damage resulting from another automobile accident. A total of $15,441 was obtained from these endeavors, two-thirds of which belonged to the succession. The entire succession proceedings indicate numerous legal services were rendered including many court appearances and voluminous briefs filed over a period of the eight years in which the succession has been litigated. Additionally, the attorney prepared the tax reports for the succession following numerous conferences with taxing authorities relative to state and federal taxes, and with the heirs relative to succession business.
Appellant complains because this attorney received a $3,000 fee in the Succession of Ameen Joseph, and $1,673 notary fee and an additional fee of $3,000 from the heirs individually in the partition suit. We note that appellant’s attorney also received a $3,000 fee in Mr. Joseph’s succession. As noted by the trial judge, and we agree, any fees concerned with Mr, Joseph’s succession do not properly belong in this succession; those fees are not before us.
We can find no basis for reducing the fee of the attorney for the succession. In this connection we note that the attorney for appellant rested his case after giving evidence only as to his own fee and the matter of the reasonableness of the other two fees was thereafter heard by the trial court only at the insistence of appellees’ attorney.
Relative to the executrix’s fee, it is clear from the record that her services to the succession were considerable. She collected all rents, tended to all repairs, dealt with the tenants, assisted in preparation of all tax information and, in general, handled all of the problems of the rental property until the time of its sale at auction four years after the opening of the succession and all affairs of the succession until her death in April, 1968, participating in all of the claims and appearing in every case. She was selected by stipulation among the heirs after Mr. Betrous Joseph’s candidacy was rejected. Apparently no other heir would have been able to mediate their differences.
The fee of an executor is provided for in LSA-C.C.P. Art. 3351, which reads, in pertinent part:
“An administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in ad *465 ministering the succession. The court may increase the compensation upon proper showing that the usual commission is inadequate.” LSA-C.C.P. Art. 3351.
The fee in this case was based upon 21/2% of the inventoried value of the total community formerly existing between Mr. and Mrs. Joseph. We find no abuse of discretion in the award of $3,350 approved by the trial court.
We also find appellant’s third contention, that his attorney should be included in the final account for a fee of $7,500 instead of $500, is without merit. The fee referred to is for legal services rendered by appellant’s attorney in the actions by which the testamentary trusts were broken. Those legal services were apportioned by the attorney at $1,500 in the succession of Mr. Joseph, where the trust had only three and one-half months to run, and $6,000 in this succession where the trust had eight years to run. The attorney was retained only by the son who sought to break the trusts. As we have pointed out, the actions were vigorously opposed by the other four children.
While conceding the existence of the general rule that the right of an attorney to a remuneration for his professional services depends upon a contract, either expressed or implied, and the attorney is entitled to collect his fee only from those who employ him, appellant argues he is entitled to collect the full fee out of the mass of the succession under the so-called “fund doctrine”, an exception to the general rule. The doctrine is that where one litigant has borne the burden and expense of a successful litigation which has inured to the benefit of others as well as to himself, those who have shared in the benefits should contribute to the expense. The doctrine has been rarely, and then cautiously, applied in Louisiana. See In re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276; Louisiana State Mineral Board v. Abadie, La.App., 164 So.2d 159.
Regardless of other considerations and assuming, but not deciding, the fund doctrine is otherwise applicable here, we are satisfied the doctrine has no application in this case for the reason that appellant’s attorney has not been brought within its scope. In order for the doctrine to apply the services of the attorney employed by only one of several participants in the fund must redound to the benefit of all other participants. The burden of proving such benefit is on the litigant seeking application of the doctrine. Here appellant has failed to carry that burden. The record contains no evidence showing the setting aside of the trusts in fact bene-fitted the other heirs. Certainly the other heirs did not consider removal of the trusts a benefit; they vigorously opposed removal, apparently preferring the rental income they would receive from the trusts. Even the attorney who successfully handled the trust actions testified that whether the other heirs benefitted by the setting aside of the trusts was “a matter of pure opinion”.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.