BOUTALL, Judge.
One of the heirs of this succession, Helen D’Antoni Cannon, opposed the payment of a claim for partial attorney’s fees by the Succession Attorney listed in the Seventh Tableau of Distribution. From a judgment awarding attorney’s fees of $10,000 she takes this appeal contending the amount is excessive and that it be reduced to reflect reasonable compensation for proven services rendered. On appeal, she also contests an award of expert witness fees in connection with that hearing.
The succession has been under administration for several years, and in prior Tableaus of Distribution, the attorney had been awarded partial fees of $5,000 and $5,000, which, when added to the $10,000 now awarded, would total $20,000. When the attorney agreed to handle the succession, the parties did not agree on a specific fee, and it is presumed in law that the parties intended payment of a reasonable fee. In the case of Succession of Gilmore, La.App. 4th Cir. 1970, 239 So.2d 462 at page 463 we said:
“[1] The amount allowed as attorney’s fees in the administration of a succession depends upon the particular or peculiar facts and circumstances of each case. (Citations omitted)
“[2] Applicable to all cases is the rule that in estimating the value of the attorney’s services consideration is given to the responsibility incurred, the extent and character of the work performed, the importance of the questions presented, the amount involved, the success attained and the legal knowledge, attainments and skill of counsel.” (Citations omitted.)
In this case, the attorney has skillfully handled the administration of a rather large estate involving a large amount of his time and calling for exercise of particular expertise. The estate, as shown in the descriptive list, at the time of death had a value $375,630.26. The decedents’ Will required a collation of all prior gifts to the children and grandchildren in order to determine the amount due each heir. The attorneys were required to prepare a schedule entitled Distribution of Estate by Will showing gifts made from 1951 to the date of death which totaled some $1,424,102.00, which sum was used to determine equal shares of the heirs. The attorney prepared the Federal Estate tax return and the annual fiduciary returns. These matters were complicated because of the inter-relationship of some corporations owned by the decedent which raised questions of allocations of assets and taxes. Additionally the attorney represented the succession in all of the legal proceedings, some of which included oppositions filed by the appellant. The attorney who handled these succession matters, Louis A. Pilié, did not keep an itemized account of the hours actually spent in each of these individual endeavors, but it is apparent that the work consumed an enormous amount of time, with particular attention to details. We see no necessity to recount them here. In support of a portion of the time and expertise required in the various accounting services inter-related with the legal questions presented, Mr. Harry J. Williams, Jr., a Certified Public Accountant, was produced as an expert witness. He substantiated the arduous labors involved from an accounting and tax standpoint and stated that a fee for such services alone would amount in the range from $16,-000 to $21,000. The Executor, a business man of great experience, testified that he relied to a large extent upon the advice of Mr. Pilié in handling these matters, that they were handled properly, and that he not only approved of the fee charged but thought it somewhat low. The trial judge after a consideration of all of the evidence in his Reasons for Judgment authorized payment of the partial fee of $10,000 remarking that he considered it to be on "the low side.
*1283 In assessing such fees, the trial judge is vested with much discretion in making such an award as is provided in Article 1934 of the Louisiana Civil Code, Succession of Butler, 294 So.2d 512 (La. 1974). The record in this case supports the findings of the trial judge, and we agree with his award.
The other issue before us is the award of $500.00 as expert witness fee to the Certified Public Accountant. The evidence shows that this witness spent a total of 8 hours to review the records presented to him in order to be prepared to testify. His testimony was relevant because the matters about which he testified involved a complex accounting-legal situation. We consider that the trial judge acted within his discretion in setting a fee of $500 and we find no error.
For the reasons set forth above, the judgment is affirmed.

AFFIRMED.