SCHOTT, Judge.
This is an appeal by residuary legatees from a judgment dismissing their opposition to the executor’s first account and tableau of distribution. The only issue is whether the amount of the succession’s attorney’s fee is excessive.
Thomas A. Williams died in December, 1973, survived by his widow Otelia Williams. In his last will he left his property in trust for the benefit of his daughter, Patricia Williams, and her two children, Dana Williams and Ann Bruyere, subject to usufruct in favor of his widow. His succession was administered by his widow as executrix and culminated with a judgment of possession signed in May, 1975. Otelia Williams died on November 27, 1976. In her last will she also left her property in trust for the benefit of her daughter Patricia and the two grandchildren. She appointed the Whitney National Bank executor and trustee and Mr. Leon S. Cahn attorney for her succession. In August, 1977, Whitney filed its first account and tableau proposing to *756 pay Mr. Cahn’s fee of $24,500 prompting the opposition now on appeal as well as oppositions to accountant’s fees and an allowance to Mr. Cahn for court costs. An opposition was also filed to an account of the Whitney Bank in its capacity as trustee in the succession of Mr. Williams, and all matters were consolidated for trial. While all of these matters were decided adversely to appellants they have confined this appeal to their attack on Mr. Cahn’s attorney’s fee.
Mr. Cahn’s fee was 5% of the $497,000 value of Mrs. Williams’ estate. He testified that in his fifty years of law practice he had not made it a practice to keep records of time spent on succession matters but generally charged a percentage fee based on the value of the estate. However, he began to keep time records when this opposition was filed in September, 1977. These showed 47.5 hours spent until the date of the first trial date in March, 1978. He estimated that he would spend another 25 hours of time until the succession was completed, and that he had spent approximately 300 hours from the time of Mrs. Williams’ death until the date of the filing- of the oppositions. He admitted that this was a “guess” on his part. He stated that his hourly rate for services was $100. Two attorneys called by Mr. Cahn as expert witnesses, and another called by appellants, agreed that this hourly rate was appropriate.
Under the jurisprudence, the appropriate attorney’s fee in the administration of a succession depends upon the facts and circumstances of each case. In estimating the value of the attorney’s services consideration is given to the responsibility incurred, the extent and character of the work performed, the importance of the questions presented, the amount involved, the success attained and the legal knowledge, attainments and skill of counsel. Succession of D’Antoni, 342 So.2d 1281 (La. App. 4th Cir. 1977), Succession of Gilmore, 239 So.2d 462 (La.App. 4th Cir. 1970), Succession of Weil, 205 La. 214, 17 So.2d 255 (La.1944), Peltier v. Thibodaux, 175 La. 1026, 144 So. 903 (1932), Hunt v. Hill, 138 La. 583, 70 So. 522 (La.1915).
These cases, and many others which need not be cited, readily „ demonstrate that the attorney’s fee in a succession is not susceptible to simply mathematical computation; the fact that the fee at issue here is exactly 5% of the estate is of little or no moment in the resolution of the controversy. The various factors to be considered by the court in deciding the attorney’s fee are so nebulous and variable that much discretion is vested with the trial judge in making the decision. Succession of D’Anto-ni, supra. Consequently, appellants have the burden in this court of establishing the judgment of the trial court constituted an abuse of that discretion.
The crux of appellants’ argument is that this succession was simple, or relatively uncomplicated, so that a 5% fee is excessive under the jurisprudence, and Mr. Cahn’s estimate of 300 hours must be erroneous since it would not take 300 hours for an attorney of Mr. Cahn’s experience and ability to handle such a simple succession. The trial judge was apparently unconvinced by this argument and his decision is supported by the testimony of Mr. Cahn, some highlights of which are as follows:
Along with the usual preparation and filing- of pleadings which are a part of the record, such as the probate of the will, confirmation of the executor and preparation and filing of the descriptive list and various orders during the administration, much time was spent in gaining access to decedent’s personal effects, including her bank box, the location of some securities, the identification and the valuation of a claim in connection with an annuity policy, the identification and proper legal treatment of various sums advanced to decedent’s grandchildren, the proper legal treatment of various checks written by decedent to her grandchildren, decisions as to disposition of certain securities in order to secure the cash necessary for the payment of taxes and expenses of administration, apportionment of taxes and handling of a particular legacy in the amount of $10,000. The establishment of the multiple trusts provided for in the will was complex and involved so as to make a fair and equitable distribution of the assets among the trusts. Finally, the *757 entire matter was unduly complicated because of the refusal on the part of decedent’s daughter and grandchildren to cooperate at any stage of the proceedings, making it necessary for him to spend an inordinate amount of time seeking out information which should have been readily available had any spirit of cooperation existed.
We are unable to dismiss Mr. Cahn’s description of his work, of which the foregoing is only a capsule, as work on a simple or uncomplicated succession. Furthermore, we are impressed with Mr. Cahn’s great experience, ability and integrity. His testimony that he spent approximately 300 hours from the date of decedent’s death until the oppositions were filed, if not reasonably accurate, is surely not a gross overstatement. Adding this estimate to his recorded 47 hours of time from the date of the oppositions until the trial, and his estimate of 25 hours to complete the succession, his fee of $24,500 for 372 hours is considerably less than the $100 per hour figure which is not questioned as a reasonable rate. Even if his estimate was over stated by more than one-third the fee he claims is still in order.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.