CIACCIO, Judge.
In the open proceedings of the Succession of Joseph S. D’Antoni, M.D., Patrick S. D’Antoni, Testamentary Executor and appellant, filed his sixth tableau of distribution in which he proposed to pay Louis A. Pilié, attorney and appellee, $10,000.00 for his legal services. Appellee filed an opposition claiming the estate owed him $35,-950.00 for legal services rendered to decedent’s estate and to the Testamentary Executor from the time of decedent’s death until November 12, 1980, based upon the assertion that he had spent 359V2 hours in rendering such services for which he claims $100.00 per hour. The trial court awarded Mr. Pilié $30,925.00, representing 309.25 proven hours worked, at $100.00 per hour, and ordered the Executor to amend his sixth tableau of distribution to conform with the award. The executor has appealed. We affirm.
All parties agree that the issues on appeal are:
1. Did Mr. Pilié actually render the hours of service claimed,
2. Were these services necessary and proper and
3. Were these services reasonably com-pensable at the rate of $100.00 per hour?
The trial judge provided the following written reasons for judgment:
REASONS FOR JUDGMENT
This succession has three heirs, one of whom is the executor and each must pay through their inheritance, the costs of the succession, including the fees of the succession.
The attorney named in the Will has an obligation to the succession, and to the heirs.
The attorney has the obligation to keep the heirs informed of the status of the succession, however, he is not individually representing them, and owes to each the same obligation. The Court can not find that the hours testified to by the attorney were not actually worked.
There is a dispute concerning the number of hours worked, and the need for these hours, by an attorney qualified in successions.
This is not a simple succession. There are many complicated questions to be addressed, and the Court finds the hourly charge of $100.00 per hour to be fair. One point of major concern is the number of entries on the time sheets concerning one of the heirs (Maura Hawkins). It seems that this one heir has taken up an inordinate amount of time, as compared with the executor and the other heir. The record shows that “Maura” appears some fifty times on the time sheets of the attorney. *1113 It can not be determined exactly how much time was spent on “Maura” and the need for this time so as to be borne by the succession.
Inasmuch as it is the burden of the attorney to prove the services performed and their application to the succession, the Court finds that he has proven 309.25 hours and will set the fee due at the time, at $30,925.00.
In his will the testator named “Louis A. Pilié as attorney for my estate and my executor.” The will did not provide for nor did the parties agree on a specific fee. It is presumed in law that the parties intended payment of a reasonable fee. Succession of Mary Vaccaro, widow of Salvador D'Antoni, 342 So.2d 1281 (La.App. 4th Cir.1977).
Under the jurisprudence, the appropriate attorney’s fee in the administration of a succession depends upon the facts and circumstances of each case. In estimating the value of the attorney’s services consideration is given to the responsibility incurred, the extent and character of the work performed, the importance of the questions presented, the amount involved, the success attained and the legal knowledge, attainments and skill of counsel. Succession of Williams, 379 So.2d 755 (La. App. 4th Cir.1979), writ denied 381 So.2d 510 (La.1980); Succession of D’Antoni, supra; Succession of Gilmore, 239 So.2d 462 (La.App. 4th Cir.1970).
At the hearing on this matter Mr. Pilié offered the testimony of fellow attorney Leon S. Cahn, who was accepted by the Executor as “a competent Louisiana practicing lawyer ... and is a qualified expert for whatever he claims to be expert on.” Mr. Cahn’s opinion was that Mr. Pilié’s claim for “$35,950.00 for services through November 12th, 1980 is well supported.” Mr. Cahn’s opinion was founded upon his examination of a written statement, prepared by Mr. Pilié, detailing the work he claimed to have done. Over objection, the trial court allowed Mr. Cahn to give his opinion in this fashion, subject to Mr. Pilié satisfying his burden of proving the details of the written statement. Mr. Pilié introduced into evidence numerous letters, worksheets and timesheets all of which, he testified, represented the many hours of work he had performed in connection with this succession.
Over objection, Mr. Pilié also introduced into evidence and testified by reading from the prepared written statement examined by Mr. Cahn. Appellant argues that this was error. Essentially the written statement was Mr. Pilié’s summary of the many hours of work he claimed to have performed. Summaries of voluminous records are admissible where the preparer is available for cross-examination and the original materials are available for examination by the opposing party. Theus, Grisham, Davis & Leigh v. Dedman, 401 So.2d 1231 (La.App.2d Cir.1981); also see, Tome-ny, “Best Evidence and Authentication of Documents”, 21 Loyola Law Review 450 (1975). We find no error in the trial court’s admission of the statement into evidence and allowing Mr. Pilié to testify by reading from the statement.
Obviously the trial judge was impressed with Mr. Pilié’s testimony and supporting documents substantiating the hours of work he claimed to have performed. Mr. Pilié testified as to the responsibility he assumed as attorney for the estate and the executor, the extent of the work he performed, and the importance and complex nature of the issues involved in settling this succession. Mr. Cahn, who was accepted as an expert, testified, “I’m acquainted, Mr. Pilié, with your experiences and competency and expertise of succession matters, and I would say your qualifications in that respect are at least equal to mine.”
In assessing fees such as in this case, the trial judge is vested with much discretion in making such an award. La. C.C. art. 1934. Succession of Butler, 294 So.2d 512 (La.1974); Succession of D’Antoni, supra; Succession of Williams, supra. Consequently, appellants have the burden of showing that the judgment of the trial court constituted an abuse of that discretion. Succession of Williams, supra. Ap *1114 pellants have not convinced us that the trial court abused its much discretion. The trial court found that 309.25 hours of work were performed by Mr. Pilié as attorney for the estate and the executor. Apparently he also found these hours to be necessary and proper and reasonably compensable at $100.00 per hour. The record in this case supports the findings of the trial judge.
Accordingly, the judgment of the trial court is affirmed. All costs are to be paid by appellant.
AFFIRMED.
REDMANN, C.J., dissenting in part with reasons.