616 So.2d 1281 (1993)
SUCCESSION OF Allen Leroy HARVEY.
No. 92-CA-0924.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
*1282 Lynn Perkins Perez, Perez & Perez, Braithwaite, and Todd A. Rossi, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for appellant.
Dominick Scandurro, Jr., Belle Chasse, for Linda G. Barrett, appellee.
Kenneth A. Weiss, Craig L. Caesar, McGlinchey, Stafford, Cellini & Lang, New Orleans, for appellees, Safeguard Disposal Systems, Inc. and Gary H. Dietzen.
Before BYRNES, CIACCIO and JONES, JJ.
*1283 CIACCIO, Judge.
Belinda Turlich Harvey, the administrator of her deceased husband's estate, appeals from two judgments rendered during the course of these succession proceedings. A statement of the procedural history surrounding this appeal is necessary.
Allen Leroy Harvey died intestate on September 22, 1986. Mr. Harvey was survived by a wife and five children from a previous marriage. On February 5, 1987, decedent's surviving spouse, Belinda Turlich Harvey, filed a Petition for Appointment of Administratrix of decedent's succession in Plaquemines Parish, the place of decedent's domicile. Attached to the petition are decedent's death certificate and an affidavit of death and heirship.
On February 6, 1987 the trial court signed an order appointing Mrs. Harvey administratrix of the succession and further ordering her to file a detailed descriptive list of the property belonging to the succession. She was also ordered to furnish security in the amount of one-fourth of the total value of all property of the succession prior to qualification as administratrix. However, Mrs. Harvey failed to comply with these orders, and letters of administration were not issued to her. Counsel for Mrs. Harvey withdrew from her representation by motion and order dated December 30, 1987.
No further action was taken in these proceedings until June 20, 1990 when a Petition for Appointment of Administrator of Vacant Succession was filed by Gary H. Dietzen. Apparently, Dietzen, who is an attorney, was a business partner of the decedent and a majority shareholder of Safeguard Disposal Systems, Inc., a corporation in which the decedent held 37% of the stock. In his petition, Dietzen averred that the decedent owned certain property which Dietzen desired to purchase from the estate, including the Safeguard stock and several storage tanks which Safeguard had been renting from the decedent. In support of his petition, Dietzen argued that Belinda Turlich Harvey had failed to post bond or qualify as administratrix, and that the succession was therefore vacant. Dietzen requested that the court appoint an administrator for the succession.
On July 6, 1990, Kenneth Leroy Harvey, decedent's son, filed an opposition to Dietzen's petition to declare the succession vacant stating that he and his four siblings were heirs to their father's succession. Nevertheless, by judgment dated July 31, 1990, the trial court declared the succession vacant and appointed Linda G. Barrett as administrator of the succession. By an ex-parte order of the same date, the trial judge recused himself and transferred the case to another section of court.
Linda Barrett filed a sworn descriptive list of the succession property on January 14, 1991. On January 15, 1991, letters of administration were issued to Linda G. Barrett, thereby appointing her as administratrix of the succession of Allen Leroy Harvey without bond.
On February 7, 1991, Ms. Barrett filed into these proceedings a Petition for Private Sale of Movable Property and to Compromise Claims. The petition alleged that at the time of his death, decedent owned sixteen storage tanks and 740 shares of common stock in Safeguard. The petition further alleged that Safeguard had offered to purchase the above-described movable property for the sum of $39,200.00, the value which was placed on this property in Ms. Barrett's sworn descriptive list. Notice was published and an opposition to this sale was filed on February 26, 1991 by Kenneth Harvey, decedent's son. The petition for sale was subsequently amended by Ms. Barrett to reflect an increase of Safeguard's offer for this property to $57,900.00.
Thereafter, on July 3, 1991, Belinda Harvey filed an Opposition to the Petition for Sale and a Motion to Rescind Judicial Order Declaring Succession Vacant and Appointing Administratrix. She argued that she had been appointed administratrix in 1987 and that the succession was not vacant as the succession has been claimed by her. In response, Ms. Barrett filed an opposition to Mrs. Harvey's motion, arguing that the succession was properly declared vacant, *1284 as Mrs. Harvey had abandoned the succession by moving out of state.
On September 18, 1991, Mrs. Harvey filed a security bond, a sworn descriptive list and an oath of administration, and was certified as the administratrix of her deceased husband's succession on the same date. On October 21, 1991, judgment was rendered by the trial court on Mrs. Harvey's motion to rescind the judicial order, thereby declaring Mrs. Harvey to be sole administratrix. Linda Barrett subsequently withdrew as administratrix of the succession.
In addition, Mrs. Harvey filed into these proceedings a reconventional demand, cross claim and third party petition for damages naming as defendants Gary H. Dietzen, Safeguard and Linda G. Barrett. In this petition, Mrs. Harvey claimed damages in the form of attorneys' fees for the wrongful intervention by Dietzen and the appointment of Barrett and damages for alleged constitutional violation of her property rights based on Dietzen's failure to provide her with necessary information concerning succession property. She also claimed damages for all past due rentals of the storage tanks owed to the succession and all sums owed the deceased for services rendered prior to his death.
In response to this petition, defendants Dietzen and Safeguard filed exceptions of improper venue, prematurity, no cause of action and no right of action. On October 24, 1991, the trial court rendered judgment maintaining the exceptions of improper venue, no cause of action and no right of action filed by Dietzen and Safeguard and denying their exception of prematurity.
Thereafter, Mrs. Harvey filed a motion for new trial which was denied on December 16, 1991, and on the same date, the trial court amended the judgment to deny the exception of improper venue only as to Mrs. Harvey's claims for property rights violations and damages for the filing of Dietzen's petition, but maintained the exception on the other causes of action raised in the petition. The trial court granted the exception of no right of action as to Mrs. Harvey's claim against Dietzen for breach of fiduciary duty, but denied this exception as to all other assertions. However, the trial court renewed the grant of defendants' exception of no cause of action as to all issues.
Mrs. Harvey also filed a motion to tax costs as a result of the judgment rendered on her motion to rescind the judicial order declaring the succession vacant. By judgment dated January 3, 1992, the trial court assessed costs, including Mrs. Harvey's attorneys' fees, in the amount of $7,200.85 against the mass of the Succession of Allen Leroy Harvey. This amount also included court costs and accounting costs incurred in preparation of the descriptive list for the succession. Further, costs and fees of the curator, Linda G. Barrett, in the amount of $3,877.74 were assessed against the succession. Mrs. Harvey's motion to tax costs against Dietzen and Safeguard were denied.
Mrs. Harvey has suspensively appealed from the judgment dated January 3, 1992 on her motion to fix costs. She appealed devolutively from the trial court's amended judgment dated December 16, 1991 on defendants' exceptions.
Judgment on Motion to Fix Costs
Appellant contends that the trial court erred in taxing against the succession her attorney's fees and costs, as well as the costs of the public administratrix.
Linda Barrett, the administratrix appointed by the court on Dietzen's motion, asserts a claim for her fees and costs in the amount of $3,877.74 for the services she performed. Mrs. Harvey contends that these fees should be paid by Dietzen, as Barrett's appointment came about only as a result of his intervention into the succession proceedings.
Mrs. Harvey further contends that she incurred attorney's fees, accounting fees and court costs solely as a result of the filing of Dietzen's petition, and consequently these sums should be borne by Dietzen rather than by the succession.
In its reasons for judgment, the trial court found that costs and attorney's fees incurred by the administratrix that are directly *1285 attributable to finalize the estate are properly assessed against the succession, citing Succession of D'Antoni, 430 So.2d 1111, 1113 (La.App. 4th Cir.1983). The court concluded that "the costs incurred by Mrs. Harvey, to the extent necessary for benefit of the succession, should be cast against the mass of the succession."
In the present case, Mrs. Harvey was appointed, but failed to qualify as administratrix of her husband's estate. For one reason or another, she chose not to continue with the succession proceedings. Although the lower court agreed with petitioner Dietzen that the inactions of Mrs. Harvey rendered the succession "vacant", we find that such conclusion is not supported by law or evidence. La.C.C. art. 1095 expressly provides that "a succession is called vacant when no one claims it, or when all the heirs are unknown, or when all the known heirs to it have renounced it."
None of these factors are present in the instant case. First, the record plainly indicates that Mrs. Harvey, the widow, had claimed the succession by seeking to become appointed administratrix several months after her husband's death. Further, the heirs were known to the court by virtue of the affidavit of death and heirship filed into the record naming decedent's spouse and five children. No renunciation of the succession by the heirs appears in the record. Although Mrs. Harvey failed to conclude the proceedings, we know of no provision in the law which requires such action when the heirs to the succession are known to the court. A succession is not considered to be vacant merely because the heirs choose not to move forward with succession proceedings. This is not a situation where a succession had no heirs and was in need of public administration.
We find no legal basis for the filing of the motion to declare the succession vacant by Gary Dietzen. Dietzen was neither an heir nor a creditor of the succession; rather his position in these proceedings is that of an interloper. The record clearly indicates that Dietzen had no interest in the succession other than a desire to purchase property from the succession. Kenneth Harvey, son of the deceased, filed an opposition to Dietzen's motion to declare the succession vacant, and clearly represented the known heirs to the court.
We conclude that the lower court erred in declaring this succession to be a vacant one. The trial court had no legal authority to appoint Ms. Barrett as administratrix. Accordingly, its order appointing her as administratrix was null and void.
Moreover, we find that the trial court erred in taxing the costs of the court-appointed administratrix to the succession, and we therefore reverse the trial court's order. As the order of the court was a nullity, the costs and fees incurred by Ms. Barrett cannot be assessed against the succession.
Ms. Barrett's appointment was precipitated by the improper intervention of Mr. Dietzen in to these proceedings. If she has any claim for fees and costs it is not against this succession.
In addition, Mrs. Harvey has made a claim for attorneys' fees and other costs which she alleges she incurred as a direct result of the improper interjection into these proceedings by Dietzen and the corresponding orders of the trial court. The trial court determined that the fees and costs which were necessary expenditures in the interest of the succession amounted to $7,200.85, and cast the succession for this sum.
Mrs. Harvey contends that this sum as well as additional attorneys' fees incurred by her should be borne by Dietzen. However, it is well settled that attorneys' fees can only be granted if specifically provided for by statute or contract. Evans v. Century Ready Mix Corp., 446 So.2d 860 (La.App. 2 Cir.1984). In the present case, there is no provision of law or contract which gives rise to the award of attorneys' fees against Gary Dietzen.
The attorneys' fees and costs incurred by Mrs. Harvey in the present case were incurred in furtherance of the administration of the succession, and were therefore properly *1286 assessed against the succession. We find no error in the ruling of the trial court to this effect.
Accordingly, the judgment of the trial court dated January 3, 1992, which assesses against the mass of this succession the costs of Ms. Barrett in the amount of $3,877.74 is hereby vacated and reversed. However, the judgment is affirmed insofar as it assesses attorneys' fees, accounting fees and court costs in the amount of $7,200.85 against the mass of the succession.
Judgment on defendants' exceptions
Appellant contends that the trial court erred in granting defendants' exceptions of improper venue, no right of action and no cause of action.
1. Improper Venue
Defendants excepted to the venue in Plaquemines Parish for each of the claims made by Mrs. Harvey in her reconventional demand. The trial court maintained the exception as to the following assertions in Mrs. Harvey's demand: wages allegedly owed to the succession by defendants, rentals due to the succession for storage tanks, and violation of any responsibility by Dietzen and Safeguard. The exception as to the remainder of the claims was denied.
Mrs. Harvey argues on appeal that venue is proper as to all claims asserted in the reconventional demand. Appellant argues that La.C.C.P. art. 1061 provides that a defendant may assert in a reconventional demand any causes of action he may have against the plaintiff in the principal action that arise out of the same transaction or occurrence. Appellant further argues that based on the provisions of La.C.C.P. art 425, any causes of action against Dietzen must have been asserted in these proceedings. We do not agree.
Our review of record indicates that appellant's claims for alleged unpaid wages and rentals as well as her allegations of breach of fiduciary duty do not arise from the succession proceedings, but rather constitute a separate cause of action by the succession against defendants. We find that the general venue rules apply to these claims, and that these assertions were improperly raised in these succession proceedings.
The record indicates that Dietzen and Safeguard are domiciled in Lafayette Parish, and therefore under the general venue rules, these claims may be asserted in that parish. We find no error of the trial court in ruling on the defendants' exception of improper venue.
However, the trial court failed to transfer these claims to the appropriate venue, and we conclude that this was an abuse of discretion. LSA-C.C.P. art. 121 provides that "[w]hen an action is brought in a court of improper venue, the court may dismiss the action or in the interest of justice, transfer it to a court of proper venue." We find that justice is best served by transferring this action to Lafayette Parish, where Dietzen is domiciled and the agent for service of process for Safeguard is located.
Accordingly, we hereby transfer the claims concerning wages, rentals and breach of fiduciary duty which Mrs. Harvey brought against Gary Dietzen and Safeguard to the Fifteenth Judicial District for the Parish of Lafayette.
We further find that once the trial court granted defendants' exception of improper venue as to certain causes of action, he was without authority to rule on the other exceptions as to those issues raised by defendants. See, Favorite v. Alton Ochsner Med. Found., 537 So.2d 722 (La.App. 4 Cir.1988).
The trial court granted defendants' exception of no cause of action as to these assertions, and further granted defendants' exception of no right of action as to Mrs. Harvey's claim for breach of fiduciary duty. To the extent these exceptions were granted, the judgment of the trial court is vacated and reversed.
The only issues remaining for our review are the propriety of the exceptions raised on issues which the trial court found were properly brought in Plaquemines Parish.
*1287 2. No Cause of Action
Appellant contends that the trial court erred in maintaining defendants' exception of no cause of action. She argues that she has a claim against Dietzen for damages as a result of his improper interjection in these succession proceedings and for his failure to provide her with necessary information to complete her duties as administratrix.
In her petition, Mrs. Harvey alleges the following basis for recovery:
Paragraph XIV provides:
"As the result of the petition for declaration of a vacant succession filed by Dietzen, the order declaring the succession vacant and the appointment of an Administrator for the "vacant" Succession and the subsequent actions taken herein, it was necessary for Belinda Turlich Harvey to employ the services of counsel to upset these illegal orders appointing Linda G. Barrett, and to oppose the purported sale of the succession assets. Your Petitioner specifically pleads as a part of the damages to be assessed that she and the Succession be granted attorney's fees herein and such other costs and damages as the Court may deem appropriate."
Paragraph XV then provides:
"Belinda Turlich Harvey further alleges that at all times after February 6, 1987, when she and her attorneys attempted to determine the assets of this Succession from Gary H. Dietzen and from Safeguard Disposal Systems, Inc. in order that she might qualify as Administratrix, she was refused all information by them on the grounds that they would only furnish the information after she qualified as Administratrix, knowing that Belinda Turlich was the surviving spouse and that Judge Kirby refused to allow her to qualify until a Detailed Descriptive List was filed and bond posted, thus effectively preventing Belinda Harvey from qualifying as Administratrix of this Succession. When after a substantial period of time, and at great personal cost in legal fees to her, which has now left her destitute, her previous attorneys were unable to have her qualified as Administratrix, she discharged them."
In the prayer of the reconventional demand, these allegations become a prayer for:
"Damages to the Succession and to your plaintiff, the surviving spouse, for violation and threatened violation of property rights guaranteed under Article I Section 4 of the Louisiana Constitution of 1974 including attorney's fees and costs incurred as a result thereof."
The exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this petition, the well-pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P. art. 927; Kuebler v. Martin, 578 So.2d 113, 114 (La.1991).
In her petition, Mrs. Harvey contends that Dietzen's petition to declare the succession vacant in order to allow Dietzen to purchase property belonging to her husband's succession is an actionable violation of her constitutional rights. Although no sale took place, she argues that the threatened sale and the costs she incurred to rescind the order appointing Ms. Barrett as administrator entitle her to damages, at least to the extent of her attorneys' fees and costs.
However, as noted earlier, attorneys' fees are only granted if specifically provided for by contract or statute, which we find not to be the case here. Further, we find no provision in law or jurisprudence which supports the claim for damages asserted by Mrs. Harvey. We conclude that Mrs. Harvey has failed to state a cause of action against defendants based on the showing made in her petition.
Mrs. Harvey also contends that Dietzen and Safeguard refused to give her information about the assets of the succession which she alleged were in their possession, thereby preventing her from qualifying as administratrix. However, Mrs. Harvey makes no showing of any affirmative duty on the part of defendants to provide *1288 her with this information which would give rise to a cause of action in damages. We find that these allegations do not state a cause of action against defendants, and we find no error of the trial court in granting defendants' exception of no cause of action as to these assertions.
Accordingly, the judgment of the trial court rendered December 16, 1991 is affirmed insofar as it grants defendants' exceptions of improper venue as to the claims for wages, rentals and breach of fiduciary duty. However, the judgment is amended to provide that these claims be transferred to the Fifteenth Judicial District for the Parish of Lafayette. The judgment of the trial court is reversed insofar as it rules on the exceptions of no cause of action and no right of action as to these assertions. However, the judgment is affirmed insofar as it maintains defendants' exception of no cause of action for damages and violation of constitutional rights.
Conclusion
For the reasons stated, the judgment of the trial court rendered on January 3, 1992 is affirmed insofar as it assesses against the mass of the succession $7,200.85 which represents attorneys' fees, accounting costs and court costs incurred for the benefit of the succession. The judgment is reversed insofar as it assesses Ms. Barrett's costs and fees in the amount of $3,877.74 against the mass of the succession.
The judgment of the trial court rendered on December 16, 1991 is affirmed insofar as it grants defendants' exception of improper venue as to Mrs. Harvey's claims for wages, rentals and breach of fiduciary duty, and the judgment is amended to transfer these claims to Lafayette Parish. However, insofar as the trial court ruled on the peremptory exceptions on the claims which have been transferred, this portion of the judgment is reversed and vacated.
Further, the judgment dated December 16, 1991 is affirmed insofar as it maintains defendants' exception of no cause of action as to the claims for damages for Dietzen's interference in the succession and the alleged constitutional violation of property rights.
Each party shall bear its own costs of this appeal.
AFFIRMED AND AMENDED IN PART; VACATED AND REVERSED IN PART.