CIACCIO, Judge.
Belinda Turlich Harvey appeals from a judgment of the trial court dismissing her petition for damages against Linda G. Barrett. A detailed factual and procedural history of the events giving rise to this suit appears in Succession of Allen Leroy Harvey, 616 So.2d 1281, Fourth Circuit.
Linda Barrett was appointed administra-trix of the Succession of Allen Leroy Harvey by judgment of the trial court dated July 31, 1990 following a finding by the trial court that this succession was deemed to be vacant. However, in Succession of Allen Leroy Harvey, this Court found that the trial court erred in declaring the succession to be a vacant one. We therefore held that the trial court’s order appointing Ms. Barrett as administratrix of this succession was null and void.
On October 23, 1991, Mrs. Harvey filed the present suit against Ms. Barrett for alleged breach of fiduciary duty in her position as administratrix of the succession. In her petition, plaintiff alleges that Ms. Barrett should have known that the allegations of Dietzen’s petition to declare the succession vacant contained misrepresentations of fact. Plaintiff further alleges that Ms. Barrett breached her duty to the succession by waiting five months from the date of her appointment to file her oath and descriptive list, but proposed the sale of the succession’s assets only seventeen days later, indicating an ongoing relationship with Dietzen. She further alleges that Ms. Barrett failed to attach a copy of the agreement to sell movable property to the Petition for Private Sale, and failed to allege that is was necessary to sell succession assets to pay debts.
Plaintiff further alleges that as a result of the actions taken by Ms. Barrett following her appointment, it was necessary for plaintiff to return from her residence in Hawaii to reestablish domicile in Plaque-mines Parish in order to qualify as adminis-tratrix. She also alleges that it was necessary for her to employ counsel to oppose the proposed sale of the succession property and to correct the illegal orders declaring the succession vacant. Plaintiff requests that she be granted damages for the disruption of her life, for mental pain and anguish and for attorney’s fees expended in connection with these proceedings.
In response to this petition, Ms. Barrett filed peremptory exceptions of no cause of action and no right of action. By judgment dated May 18, 1992, the trial court, without written reasons therefor, granted Ms. Barrett’s exceptions and dismissed plaintiff’s suit against her. ■ It is from this judgment that plaintiff now appeals.
The exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this petition, the well-pleaded facts in the petition and any annexed documents must be accepted as true. La.C.C.P. art. 927; Kuebler v. Martin, 578 So.2d 113, 114 (La.1991).
Accepting the facts pled in plaintiff’s petition as true, we are unable to conclude that the petition fails to state a cause of action against Ms. Barrett. LSA-
*1290 C.C.P. Art. 3191 states the general duties of a succession representative:
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure to so act.
Although this Court has previously held that the judicial order appointing Ms. Barrett as administratrix of the Succession of Allen Leroy Harvey was a nullity, we nonetheless find that the allegations of plaintiffs petition sufficiently state a cause of action against her for breach of her duties to the succession while she was the admin-istratrix. Plaintiffs allegations against Ms. Barrett must be accepted or denied by defendant as pleaded, and must await resolution at a trial on the merits or upon other appropriate pre-trial motions.
For the reasons stated, we reverse the judgment of the trial court which maintains Linda Barrett’s exception of no cause of action. We remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BYRNES, J., concurs with reasons.