11WALTZER, Judge.

STATEMENT OF THE CASE

Plaintiffs, siblings of decedent Thelma Reinike Bistes, brought suit against decedent’s husband, Jules Frank.Bistes, his siblings Christian Bistes, Audry Bistes and Shirley Paciera, decedent’s doctor, Frank In-caprera, MD, and Pendleton Memorial Methodist Hospital. Plaintiffs seek: (Count 1) a declaratory judgment that Jules Bistes is unworthy to inherit from his deceased wife; (Count 2) to be recognized as Mrs. Bistes’ sole heirs; (Count 3) damages against the Bistes siblings, doctor and hospital for Mrs. Bistes’ wrongful death and for their survival actions; and (Count 4) damages against the doctor and hospital in connection with removal of decedent from life support.
Jules filed an exception of no cause of action to Counts 1 and 2. Jules, Audry, Christian and Shirley filed exceptions of no right of action and lack of procedural capacity to Count 3, and a dilatory exception to the improper cumulation of Counts 1, 2 and 3 with the malpractice claims asserted in Count 4.
The hospital filed an exception of no right of action, and, alternatively, an exception of prematurity for plaintiff’s failure to comply with LSA-R.S. 40:1299.45’s requirement of submission of the complaint to a Medical Review Panel.
The trial court granted the hospital’s exception of prematurity, dismissing the petition as of non-suit. An amended judgment granted Jules, Audry, Christian and Shirley’s exception of no cause of action, allowing plaintiffs 10 days to amend their petition, and dismissing the remaining exceptions without prejudice to be urged should plaintiffs amend. Plaintiffs did not amend their petition.
The trial court denied plaintiff’s motion for a new trial, sustained Dr. Incaprera’s exeep *788 tion of no right of action, and sustained the hospital’s exceptions of no right of action and/or prematurity, dismissing plaintiffs suit without prejudice. Plaintiffs appealed. The | ^hospital answered the appeal, seeking modification of the judgment to grant dismissal with prejudice. We affirm the trial court’s granting of the exceptions appealed from, and grant the hospital’s appeal, amending the judgment rendered below.
The petition states no facts or legal theory under which liability should be imposed in favor of named plaintiffs Connie, Tammy, Bernard and Jody Reinike and we dismiss the petition as to them as stating no cause and no right of action.

JULES BISTES’ EXCEPTION OF NO CAUSE OF ACTION: COUNTS 1 AND 2

A peremptory exception of no cause of action goes to the legal sufficiency of a petition; for purposes of the exception all well-pleaded allegations are accepted as true. Any doubt as to the sufficiency of the petition must be resolved in favor of the plaintiff. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1284 (La.1993); In the Matter of Certain Residents Domiciled and Residing in Orleans Parish, Inc., 93-2365 (La.App. 4 Cir. 5/26/94), 637 So.2d 1296, 1297.
Counts 1 and 2 address Jules’ alleged unworthiness to inherit his wife’s estate. The petition alleges that Jules and Thelma married in January, 1950, executed wills leaving their estates to each other, and were married at the time of Thelma’s death. Jules was very ill for eight years prior to his wife’s death. Approximately two weeks prior to Thelma’s death, Vernon Bistes met with Jules, Christian and two attorneys, Kevin Kytle and Vincent Paciera. During the meeting it was agreed that Paciera would draft a will for Jules with an equal division of the estate between the Reinike and Bistes families and Kytle drafted a will for Thelma. Neither will was executed. On information and belief, on the morning of 30 August 1991, Audry, Shirley, Jules and unidentified family members conspired unlawfully to cause Thelma, who was then comatose, to be removed from life support in order to prevent execution of a new will. Thelma died three and one-half hours after Dr. Incaprera had her removed from life support.
Plaintiffs make no claim that any defendant has been charged by indictment or information, or been the subject of an investigation for intentionally having caused Thelma’s death.
| ⅞Whether Counts 1 and 2 survive or succumb to Jules’ exception of no cause of action depends on whether these allegations, accepted as true, and interpreted in plaintiffs’ favor, support a claim that Jules is unworthy to be his wife’s heir pursuant to LSA-C.C. arts. 966 and 967. The gravamen of Counts 1 and 2 of the petition is that Jules’ conspiracy to cease life support to his comatose wife constitutes “intentional, unjustified killing.” We find such an interpretation to be inconsistent with the legislative intent of article 966.
In 1987, the Louisiana legislature enacted Act No. 354, H.B. No. 807, entitled:
“SUCCESSIONS — MURDERER UNWORTHY OF INHERITING — REVOCATION OF TESTAMENT AN ACT to amend and reenact Civil Code Articles 966(1) and 1691, relative to successions, unworthiness of heirs and revocation of testaments, to provide that a [sic] heir who is convicted or judicially determined to have participated in the killing or attempted killing of the deceased shall be deemed unworthy to inherit and shall have a legacy revoked, and to provide for related matters.” (Emphasis added)
While the legislature added as grounds for unworthiness the judicial determination of participation in the intentional, unjustified killing or attempted killing of the deceased, there is nothing in the language or history of Act No. 354 that would apply its provisions to a situation in which a medical determination was made to terminate life support to a comatose patient. We find the use of the word “murderer” in the title of Act 354 to be inconsistent with the interpretation suggested by plaintiffs.
We affirm the trial court’s judgment granting Jules’ exception of no cause of action as to Counts 1 and 2.

*789
JULES BISTES’, AUDRY BOYCE’S, CHRISTIAN BISTES’ AND SHIRLEY PA-CIERA’S EXCEPTIONS OF NO RIGHT OF ACTION AND LACK OF PROCEDURAL CAPACITY: COUNT 3

Having held that plaintiffs failed to state a cause of action under LSA-C.C. arts. 966 and 967, the plaintiffs have neither a right of action nor procedural capacity to pursue claims for Thelma’s wrongful death, nor do they have a survival action. The wrongful death action may be brought by surviving siblings only if decedent left “no spouse, child or parent surviving.” LSA-C.C. art. 2315.2(A)(3). Surviving siblings have a survival action only if decedent left “no spouse, child, or parent surviving.” LSA-C.C. art. 2315.1(A)(3).
|/The petition, on its face, admits the existence of a surviving spouse, thus denying both wrongful death and survival actions to Thelma’s siblings. We affirm the judgment granting Jules Bistes’, Audry Boyce’s, Christian Bistes’ and Shirley Paciera’s exceptions to Count 3. The amended judgment grants defendants’ exception of no cause of action; however, the record shows that these exceptions asserted no right of action and lack of procedural capacity. We amend the judgment properly to identify the exceptions.

DR. INCAPRERA’S EXCEPTION OF NO RIGHT OF ACTION: COUNTS 3 AND 4

Plaintiffs claim survival and wrongful death damages from Dr. Incaprera in Count 3 of the petition. The exception of no right of action was properly maintained.
In Count 4, plaintiffs “as representatives of Thelma Reinike Bistes” seek recovery against Dr. Incaprera for alleged violations of LSA-R.S. 40:1299.50 et seq. (Louisiana Medical Consent Law) and LSA-R.S. 40:1299.58.1 et seq. (Declarations Concerning Life-Sustaining Procedures). There is nothing in these statutes that would give rise to a claim by these plaintiffs, who are not legal representatives of the deceased.
We affirm the trial court’s granting of Dr. Incaprera’s exceptions of no right of action to Counts 3 and 4.

PENDLETON MEMORIAL METHODIST HOSPITAL’S EXCEPTION OF NO RIGHT OF ACTION: COUNTS 3 AND 4

The hospital’s exceptions were properly granted. Since plaintiffs have no cause or right of action in the death of Mrs. Bistes, the hospital’s answer to the within appeal, seeking dismissal with prejudice of plaintiffs’ suit against the hospital, is meritorious, and we amend the judgment below, dismissing the claim with prejudice.

JUDGMENTS AMENDED AND, AS AMENDED, AFFIRMED.

BARRY, J., joins the majority.
PLOTKIN, J., dissents with written reasons.