537 So.2d 722 (1988)
Patricia Favorite, Wife of/and Eric FAVORITE, Individually and as the Natural Tutrix of the Minor Child, Parish Farran Favorite
v.
ALTON OCHSNER MEDICAL FOUNDATION, Jeffrey Cerreta, Dr. Gregory Valainis, Nurse Jane Doe and ABC Needle Manufacturing Company.
No. 88-CA-0036.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1988.
Rehearing Denied February 16, 1989.
Joseph F. La Hatte, Jr., New Orleans, for plaintiffs.
Perry R. Staub, Jr., Monroe & Lemann, New Orleans, for defendants.
Before WARD, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, Patricia and Eric Favorite, in their individual capacities and as natural tutrixes of their minor child, Paris Farran Favorite, instituted this tort action against defendants Alton Ochsner Medical Foundation (Ochsner), Dr. Gregory Valainis, Nurse *723 Jane Doe, ABC Needle Manufacturing Company, and Jeffery Cerreta. Plaintiffs sought damages for losses sustained as the result of Patricia Favorite being accidently stuck by an exposed hypodermic needle which had been left lying on the meal tray of Mr. Cerreta, an Ochsner patient who had tested positive for the presence of HTLV (III) strain, commonly referred to as the AIDS virus. Ochsner and Dr. Valainis filed exceptions of improper venue, no cause of action, and lis pendens.[1] The trial court sustained the exceptions of no cause of action and dismissed plaintiff's suit as to those two defendants. Plaintiffs now appeal.
The facts as briefly set forth in plaintiffs' petition show that on or about June 4, 1986, plaintiff, Patricia Favorite, was employed in her capacity as a dietician for Ochsner. As she was removing a meal tray from the room of an AIDS patient, Mr. Cerreta, she was stuck in the hand by an unsheathed hypodermic needle which lay concealed under some papers on the tray. As a result Mrs. Favorite claims that she has tested positive for the presence of the "HTLV III AIDS strain." Since plaintiff alleged that she received injuries while in the course and scope of her employment, her exclusive remedy lay with the "Louisiana Worker's Compensation Law" unless, under La.R.S. 23:1032, she could show that the injury resulted from an intentional act on the part of Ochsner or one of its employees. Defendants' exceptions of no cause of action are directed to the question of the intentional act.
The trial court apparently chose to dispose of the matter on the exception of no cause of action. There is no evidence to indicate that the court considered the exception of improper venue. The judgment, containing brief reasons therefor, refers only to the issue of plaintiffs' cause of action. We feel the trial court should have considered and ruled on the exception of improper venue first. If it found that the action had been properly brought in Orleans Parish then it could have considered the exception of no cause of action.
Prior to 1983 if a defendant filed a peremptory exception of no cause of action at the same time he filed a declinatory exception of improper venue, he made a general appearance and thereby waived his objection as to venue. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977); Polmer v. Spencer, 256 So.2d 766 (La.App. 1st Cir. 1971).
In 1983 La.C.C.P. arts. 7 and 928 were amended to allow a defendant to file his declinatory, dilatory, and peremptory exceptions together. The filing of a peremptory exception of no cause of action together with a declinatory exception of improper venue no longer constitutes a general appearance. However, when these two exceptions are filed together, the proper procedure would be to address the "procedural" exception of improper venue first. Prior to the 1983 amendments to these Code of Civil Procedure articles, if the defendant wished to raise both of these exceptions it was necessary to file the exception of improper venue first. It was contemplated that the court would rule on this exception and if the action was found to have been filed in the correct parish, defendant could then raise a peremptory exception of no cause of action.
The 1983 amendments were merely intended to simplify pleading by allowing a defendant to file all of his exceptions together in one pleading. The amendments were not intended to alter what appears to be the logical sequence of addressing the exceptions. Once a defendant properly raises an exception of improper venue he has placed venue at issue and it should always be resolved before the court rules on an exception of no cause of action.
Because we feel the trial court should have decided whether this action had been filed in the proper parish before it decided whether plaintiffs' petition set forth a lawful cause of action, we will vacate the judgment of the trial court and remand the matter to the trial court. We take this action because if it is later necessary to *724 transfer the suit, we do not feel that the transferee court should be bound by a decision of a co-equal court from another parish.
For the reasons assigned we vacate the judgment of the trial court and remand this case to the trial court for proceedings consistent with the views expressed herein.
VACATED AND REMANDED.
WILLIAMS, J., dissents with reasons.
WILLIAMS, Judge, dissenting with reasons.
The Favorites' tort action alleges that Patricia Favorite, a dietician at Oschner, was injured in the course and scope of her employment when she was accidentally stuck by a hypodermic syringe left lying on a meal tray. In response, two of the five defendants, Oschner and Dr. Valainis, filed simultaneously exceptions of improper venue, no cause of action and lis pendens. Finding the Favorites' exclusive remedy in worker's compensation, LSA-R.S. 23:1032, the trial judge sustained the exception of no cause of action and dismissed plaintiffs' suit as to those two defendants, without ruling upon the other two exceptions.
On appeal, plaintiffs' assignments of error refer only to the trial court's ruling on the insufficiency of their allegations in setting forth a cause of action in intentional tort. The panel majority is vacating the trial court's ruling on different grounds, an issue which is not properly before this court. I respectfully disagree with the majority's analysis finding no abuse of discretion in the trial court's decision to consider the most judicially economic exception primary. The trial court was a court of competent jurisdiction and, therefore, had the authority to determine the exception which could terminate the litigation as to two of the five defendants.
The Favorites' petition sets forth a horrific set of facts, facts which might tempt a court to create a cause of action where the legislature has mandated there is none. The exclusive remedy rule of the worker's compensation act is, nevertheless, controlling and makes an employer and its employees and agents immune in tort unless the injuries were caused by an intentional act. LSA-R.S. 23:1032. An intentional act under LSA-R.S. 23:1032 has the same meaning as does an intentional tort, Bazley v. Tortorich, 397 So.2d 475 (La.1981), that the actor either 1) consciously desired the physical result of his act, or 2) knew that the result was substantially certain to follow his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2d Cir.1981), writ den., 412 So.2d 1095 (La.1982); Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2d Cir.1985). Plaintiffs' petition however, alleges no facts of intentional tort, but only facts supporting a claim of negligence. Consequently, after reviewing the petition and its amendments and hearing the oral arguments on the exception of no cause of action and the exception of improper venue, the trial court chose the obvious and most expeditious route. The court chose not to squander the court's time upon a waivable exception and ruled upon the most expeditious and determinative exception.
It was within the discretion of the court to decide the order in which it would rule upon the simultaneously filed exceptions. No rule of our Code of Civil Procedure or local rules of court limited the court's discretionary power. Indeed, the panel majority did not find that the trial court abused its discretion, but merely "[felt that] the trial court should have decided whether this action had been filed in the proper parish before it decided whether plaintiffs' petition set forth a lawful cause of action...". Without finding the trial court abused its discretion by ruling upon the exception of no cause of action before ruling upon the exception of improper venue, the panel majority has substituted the trial court's decision with its own which, in my opinion, is an inappropriate use of appellate review.
For the reasons assigned, I respectfully dissent.
NOTES
[1] Discussion of the exception of lis pendens is not necessary for resolution of the case at bar.