583 So.2d 607 (1991)
Selina BENNETT, et al.
v.
Joseph I. GIARRUSSO, et al.
No. 90-CA-0742.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1991.
*608 John D. Rawls, New Orleans, for plaintiffs/ appellants.
Okla Jones, II, City Atty., Val K. Scheurich, III, Deputy City Atty., Michael Tifft, Brett Pendergast, Deputy City Attys., New Orleans, for defendants/appellees.
Before BYRNES, WARD, and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Forty-nine (49) plaintiffs in this mandamus-declaratory judgment suit appeal from a trial court judgment dismissing their suit on the peremptory exceptions of no cause of action and no right of action.
Plaintiffs filed what was styled a petition for writ of mandamus and for declaratory judgment against the City Council and Mayor of the City of New Orleans. Thirty-nine (39) of the plaintiffs are citizens of New Orleans; five (5) are citizens of other parishes in the State of Louisiana; four (4) are citizens of the U.S. domiciled in States other than Louisiana; and one (1) is a New York corporation registered in and doing business in the State of Louisiana. Plaintiffs sought to challenge the validity of the annual budget ordinance of the City of New Orleans for the fiscal year 1990.
On December 21, 1989, after approval of the 1990 budget, this suit was filed seeking to declare the budget ordinance invalid because (1) it did not provide for the payment of all definitive unpaid "Court-ordered" settlements and judgments in place prior to December 1, 1989, and (2) it did not provide in full for the reasonable and necessary funding of the judicial retirement system, the Criminal District Court, the Juvenile Court, and the Board of Jury Commissioners. Thus, it was alleged, the budget ordinance was invalid, ineffective and in violation of Section 3-116(2) of the Home Rule Charter of the City of New Orleans mandating that the annual operating budget be balanced before it becomes effective. The plaintiffs also sought a writ of mandamus to compel the City Council and Mayor to enact a budget fully funding the above agencies for the calendar year 1990, and to provide for funds for the full payment and satisfaction of over $9,850,000.00 in judgments against the City.
At a status conference held on January 23, 1990, before the defendants had answered the petition or made a general appearance, the trial court noticed, ex proprio motu, and maintained, peremptory exceptions of No Right of Action as to the lack of full funding for the judicial retirement system, the Criminal District Court, the Juvenile Court and the Board of Jury Commissioners, and No Cause of Action as to the lack of funding sufficient to pay all judgments. Plaintiffs' claims were dismissed with prejudice.
We initially recognize that a trial court may notice on its own motion, the peremptory exceptions of no cause of action and no right of action. La.C.C.P. art. 927. La.C.C.P. art. 928(B) provides that peremptory exceptions may be filed at "any stage" of the proceeding in the trial court. Defendants apparently could have filed these exceptions at any time. However, had defendants filed these peremptory exceptions alone, it would have constituted a general appearance on their part, and thus, they would have been deemed to have waived their right to raise any declinatory exception other than the court's lack of subject-matter jurisdiction. La.C.C.P. arts. 7(A), 925.
The trial court noticed the peremptory exceptions before defendants had answered the petition, or according to them, had even been properly cited and served with process. The record contains only the petition filed by plaintiffs, and a transcript of the status conference during which the trial court noticed the exceptions. Defendants *609 vainly[1] attempt to raise on appeal the declinatory exceptions of insufficiency of citation and insufficiency of service of process. Without service of process the trial court lacked jurisdiction to render a personal judgment against defendants. La.C.C.P. art. 6. In their brief, defendants also note that plaintiffs improperly cumulated an ordinary action, a petition for declaratory judgment, with a summary action, a petition for writ of mandamus. Had the trial court not stepped in and noticed of its own motion the peremptory exceptions, defendants could have filed these exceptions, plus the peremptory exceptions of no cause and no right of action, without being deemed to have made a general appearance. La.C.C.P. art. 7(C).
1983 amendments to La.C.C.P. arts. 7 and 928 made it possible for a defendant to file declinatory, dilatory, and peremptory exceptions together. Prior to the amendments, if a defendant filed a peremptory exception before, at the same time as, or after he filed a declinatory exception (but before trial of it), he was deemed to have made a general appearance, and thus, to have waived his right to decline the jurisdiction of the court by declinatory exception, except on the ground of lack of subject matter jurisdiction. See, Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972); Favorite v. Alton Ochsner Medical Foundation, 537 So.2d 722 (La.App. 4th Cir. 1988). If, for instance, a defendant wished to raise a declinatory exception of improper venue and a peremptory exception of no cause of action, he had to raise the declinatory exception first, and delay raising the peremptory exception until after trial of the former.
Prior to 1983, it was clear that the Code of Civil Procedure and the jurisprudence contemplated that those exceptions to the jurisdiction of the court be disposed of before consideration of peremptory exceptions, which function is to have the plaintiff's action declared legally nonexistent or barred by the effect of law. Favorite, supra; La.C.C.P. art. 923. The sole purpose of the 1983 amendments to La.C.C.P. arts. 7 and 928 was to make the pleading of exceptions simpler and more efficient by allowing the defendant to file all of his exceptions together. La.C.C.P. art. 928, Official Revision Comment (f). The aim was to simplify pleading of the exceptions, not affect their disposition. There is no indication that it was ever intended that a threshold declinatory exception to the court's jurisdiction, filed along with a peremptory exception by virtue of the amendment, was to be bypassed by a trial court more inclined to rule on the peremptory exception.
In Favorite v. Alton Ochsner Medical Foundation, supra, this court held that a declinatory exception of improper venue must be tried before a peremptory exception of no cause of action filed at the same time. In the instant case, defendants were prevented from raising their declinatory exceptions to the jurisdiction of the trial court by the court's noticing on its own motion, the peremptory exceptions. In light of our decision in Favorite, supra, even had defendants filed these same peremptory exceptions along with whatever declinatory exceptions they might have had, the trial court would have been bound to try and dispose of the declinatory exceptions first.
Considering the circumstances of this case, we reverse the judgment of the trial court and remand to allow defendants to file whatever exceptions they may have. Further proceedings are to be conducted in light of the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] Only peremptory exceptions may be raised in the appellate court. See La.C.C.P. arts. 928(A) and 2163.