948 So.2d 313 (2006)
Louie SCHEXNAYDER, Sr. and Michael J. Fernandes
v.
Roy and Norma "Rena" GISH, Rhondalyn Singh Tanwar and Allstate Mortgage Corporation.
No. 06-CA-579.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
Cary B. Bryson, Angela S. Bryson, Attorneys at Law, Lafayette, Louisiana, for Plaintiff/Appellant.
Charles J. Neupert, Jr., Charles Neupert & Associates, Shreveport, Louisiana, for Defendants/Appellees.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
The plaintiffs, Louie Schexnayder, Sr. and Michael J. Fernandez, appeal from a decision of the trial court that granted an exception of no right of action filed by defendants, Roy and Norma Gish, dismissing them from plaintiffs' action. For the reasons that follow, we vacate the judgment *314 of the trial court and we remand for further proceedings.
The plaintiffs filed suit for damages as a result of breach of contract, alleging that they were owed a real estate commission stemming from a sale of real property. Named as defendants were Roy and Norma Gish, (hereinafter "Gish"), the owners of the property, Allstate Mortgage Corporation,[1] and its employee Rhondalyn Singh Tanwar.
Gish initially filed an exception of improper venue, on the basis that Gish was a resident and domiciliary of Caddo Parish, the immovable property that was the subject of the sale was located in Caddo Parish, and the real estate commission agreement was executed in Caddo Parish. In the exception, Gish states that plaintiffs filed the identical suit in the 1st Judicial District Court for the Parish of Caddo. (Attached to the memorandum in support is a copy of the petition.)
Prior to a ruling on the exception of improper venue in this case, Gish filed an exception of no right of action. Gish also filed an exception of no right of action in the First Judicial Court. That court granted the exception of no right of action before it and dismissed plaintiff's suit pending in the 1st Judicial District Court against Gish on April 1, 2004. The parties have admitted that there is currently an appeal pending in the Court of Appeal for the Second Circuit from that decision.
In its opposition to the exception of no right of action filed by plaintiffs in this proceeding, the plaintiffs argued the merits and also requested that the proceedings be delayed pending decision by the Second Circuit. The trial court held a hearing on the exceptions filed by Gish, and on June 14, 2006 it rendered judgment granting the exception of no right of action and declaring the exception of improper venue moot. The plaintiffs filed this appeal from that decision.
In this case, Gish first filed the declinatory exception of improper venue, and then filed a peremptory exception of no right of action. Thus, Gish properly placed the issue of venue before the trial court. A declinatory exception of improper venue must be tried before a peremptory exception filed before or at the same time. Favorite v. Alton Ochsner Medical Foundation, 537 So.2d 722 (La.App. 4 Cir.1988), Bennett v. Giarrusso, 583 So.2d 607 (La. App. 4 Cir.1991). An exception of improper venue should be ruled on prior to a peremptory exception because if it is later necessary to transfer the suit, the transferee court should not be bound by a decision of a co-equal court from another parish. Favorite, supra at 723-4. This is especially true in this case where there are two identical and simultaneous lawsuits. We therefore find that the trial court erred rendering the exception of improper venue moot, and in ruling on the exception of no right of action prior to a ruling on the merits of the exception of venue.
For the above discussed reasons, we vacate the judgment of the trial court and remand this case for proceedings consistent with the views expressed herein.
JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] Allstate has filed a motion for summary judgment which was still pending in the record before us.