STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0182

ANH TUYET TRAN

VERSUS

DRINKABLE AIR, INC., DRINKABLE AIR TECHNOLOGIES, LLC and
DRINKABLE AIR, LLC

Judgment rendered: _OCT 0 8 2021_

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston, State of Louisiana
No. 166440, Division B

The Honorable Charlotte Hughes Foster, Judge Presiding

* * * * *

| | |
|---|---|
| Connie P. Trieu<br>Brandon J. Melerine<br>Paul F. Lambert<br>Zachary T. Lamachio<br>Lee P. Sharrock<br>Gretna, Louisiana | Attorneys for Plaintiff/Appellant<br>Anh Tuyet Tran |
| David M. Cohn<br>D. Brian Cohn<br>Bartley Paul Bourgeois<br>Allyson S. Jarreau<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellee<br>Drinkable Air Technologies, LLC |
| Anthony Todd Caruso<br>Denham Springs, Louisiana | Attorney for Defendant/Appellee<br>Drinkable Air, LLC |

* * * * *

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**HOLDRIDGE, J.**

The plaintiff appeals the trial court's judgment granting a peremptory exception raising the objection of no cause of action and dismissing her claim with prejudice. For the following reasons, we vacate the trial court's judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Drinkable Air, Inc. (DAI) executed three promissory notes payable to Sach Dinh Nguyen in 2011. The promissory notes consisted of the March 7, 2011 note in the amount of $30,000.00 (Note #1), the March 18, 2011 note in the amount of $20,000.00 (Note #2), and the April 8, 2011 note in the amount of $20,000.00 (Note #3). In November 2016, Sach Dinh Nguyen executed an "Assignment of Funds Receivable and Shares," whereby he agreed to assign and transfer all funds receivable from DAI, and all rights to file suit, compromise, settle, and collect said funds to his wife, Anh Tuyet Tran (the plaintiff).

On March 6, 2020, the plaintiff filed suit against the defendants, DAI, Drinkable Air Technologies, LLC (Drinkable Air Technologies), and Drinkable Air, LLC (DALLC), alleging that sums were due to Sach Dinh Nguyen on the three promissory notes executed by DAI. The plaintiff alleged that Drinkable Air Technologies was the successor to DAI.[1] The plaintiff further alleged that DAI, Drinkable Air Technologies, and DALLC were liable solidarily for all amounts due on the three promissory notes. Therefore, the plaintiff prayed for unpaid interest in the amount of $1,965.40 on Note #1, $16,061.10 consisting of $6,000.00 in principal and $9,205.94 in interest on Note #2, and $39,708.92 consisting of $20,000.00 in principal and $19,708.92 in interest on Note #3. The plaintiff further prayed for attorney's fees and costs.

---

[1] DAI is a Florida corporation with its principle place of business in Florida. Drinkable Air Technologies is domiciled in Florida and New York. DALLC is a Louisiana limited liability company.

2

In response, Drinkable Air Technologies filed several exceptions including a dilatory exception raising the objection of vagueness, peremptory exception raising the objections of prescription and no cause of action, and a declinatory exception raising the objection of lack of personal jurisdiction. On June 1, 2020, the trial court held a hearing on the exceptions and granted the declinatory exception raising the objection of lack of personal jurisdiction, peremptory exception raising the objection of no cause of action, and dilatory exception raising the objection of vagueness. The trial court denied the peremptory exception raising the objection of prescription. The trial court further allowed the plaintiff thirty days to amend her petition to cure the defects or her suit would be dismissed.

On June 17, 2020, DALLC filed an answer, affirmative defenses, a peremptory exception raising the objections of no cause of action and no right of action, and a request for sanctions for court costs and attorney's fees. DALLC asserted that it was not a party to the three promissory notes and did not receive any funds from the loans made in connection with the promissory notes. Therefore, DALLC argued that the plaintiff's case should be dismissed because the plaintiff failed to state a cause of action against it.

On June 30, 2020, the plaintiff filed an amended petition asserting similar claims that were made in her original petition. In response to the plaintiff's amended petition, Drinkable Air Technologies filed several exceptions, including a declinatory exception raising the objection of lack of personal jurisdiction, a peremptory exception raising the objection of no cause of action, and a dilatory exception raising the objection of vagueness. Drinkable Air Technologies also filed a motion for sanctions against the plaintiff "for the filing of this improper Amended Petition that [was] filed for the sole purpose of harassment."

DALLC also responded to the plaintiff's amended petition by filing an answer, affirmative defenses, and a peremptory exception raising the objections of

3

no cause of action and no right of action. DALLC also requested sanctions, court costs, and attorney's fees.

On October 13, 2020, the trial court held a hearing on Drinkable Air Technologies' exceptions. After hearing arguments from the parties, the trial court granted Drinkable Air Technologies' peremptory exception raising the objection of no cause of action and found as moot the declinatory exception raising the objection of lack of personal jurisdiction and the dilatory exception raising the objection of vagueness. The trial court denied Drinkable Air Technologies' motion for sanctions. A judgment was signed on November 2, 2020 in accordance with the trial court's oral reasons. The plaintiff subsequently appealed.

## DISCUSSION

In this case, Drinkable Air Technologies filed a peremptory exception raising the objection of no cause of action, a declinatory exception raising the objection of lack of personal jurisdiction, and a dilatory exception raising the objection of vagueness. Thus, Drinkable Air Technologies properly brought its jurisdiction claim before the trial court. If the trial court does not have personal jurisdiction over Drinkable Air Technologies, it does not have the legal power and authority to render a judgment for or against a party. See La. C.C.P. art. 6. The record reveals that the trial court declined to rule on Drinkable Air Technologies' objection to personal jurisdiction and to decide whether the trial court had personal jurisdiction over Drinkable Air Technologies. Instead, the trial court ruled on the merits of Drinkable Air Technologies' objection of no cause of action.

A trial court should first rule upon a declinatory exception raising the objection of lack of personal jurisdiction before ruling upon a peremptory exception filed before or at the same time. See *Bennett v. Giarrusso,* 583 So.2d 607, 609 (La. App. 4 Cir. 1991); *Favorite v. Alton Ochsner Medical Foundation,* 537 So.2d 722, 723 (La. App. 4 Cir. 1988), *In re Cooper,* 57 So. 2d

4

775, 776 (La. App. 1 Cir. 1952). In *Bennett*, 583 So.2d at 609, the Fourth Circuit stated the following:

> Prior to 1983, it was clear that the Code of Civil Procedure and the jurisprudence contemplated that those exceptions to the jurisdiction of the court be disposed of before consideration of peremptory exceptions, which function is to have the plaintiff's action declared legally nonexistent or barred by the effect of law. La. C.C.P. art. 923. The sole purpose of the 1983 amendments to La. C.C.P. arts. 7 and 928 was to make the pleading of exceptions simpler and more efficient by allowing the defendant to file all of his exceptions together. La. C.C.P. art. 928, Official Revision Comment (f). The aim was to simplify pleading of the exceptions, not affect their disposition. There is no indication that it was ever intended that a threshold declinatory exception to the court's jurisdiction, filed along with a peremptory exception by virtue of the amendment, was to be bypassed by a trial court more inclined to rule on the peremptory exception. (Internal citation omitted).

Only if the trial court finds that the court has personal jurisdiction over Drinkable Air Technologies does the court have the legal power and authority to consider the peremptory exception raising the objection of no cause of action. See *Favorite*, 537 So.2d at 723.

Accordingly, we find that the trial court erred in ruling that Drinkable Air Technologies' declinatory exception raising the objection of lack of personal jurisdiction was moot, and in ruling on its peremptory exception raising the objection of no cause of action prior to ruling on the merits of the objection of jurisdiction. See *Schexnayder v. Gish*, 2006-579 (La. App. 5 Cir. 12/27/06), 948 So.2d 313, 314. Thus, we vacate the judgment of the trial court and remand this case to the trial court for further proceedings.

**CONCLUSION**

For the foregoing reasons, the trial court's November 2, 2020 judgment is vacated and this case is remanded to the trial court for further proceedings. Costs of this appeal are assessed equally to the parties.

**VACATED AND REMANDED.**

5