CHRISTOPHER BURNS                                    NO. 21-C-738

VERSUS                                               FIFTH CIRCUIT

UNITED BULK TERMINALS DAVANT, LLC                    COURT OF APPEAL

                                                     STATE OF LOUISIANA

                            April 26, 2022

                           Alexis Barteet
                            Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

**IN RE** UNITED BULK TERMINALS DAVANT, LLC

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 807-658

---

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Hans J. Liljeberg


**WRIT GRANTED; JUDGMENT VACATED, IN PART; CASE REMANDED TO 19TH JUDICIAL DISTRICT COURT FOR FURTHER PROCEEDINGS**

In this writ application, relator-defendant, United Bulk Terminals Davant, LLC ("United"), seeks this Court's supervisory review of the district court's December 6, 2021 judgment overruling United's Peremptory Exception of Prescription and granting respondent-plaintiff, Christopher Burns', Motion to Extend Deadlines pursuant to La. R.S. 9:5830. After review, and finding that the trial court erred in addressing the Exception of Prescription and Motion to Extend Deadlines, we grant the writ, vacate the trial court's judgment, in part, and remand this matter to the 19th Judicial District Court for further proceedings.

**Factual and Procedural History**

On June 28, 2019, Christopher Burns allegedly sustained personal injuries at United's facility located in Plaquemines Parish. Five days prior to the one-year prescriptive period, on June 23, 2020, Mr. Burns fax-filed suit to the 24th Judicial District Court in the Parish of Jefferson. In response to the suit, on December 17, 2020, United filed a Declinatory Exception of Improper Venue and a Peremptory Exception of Prescription.

On February 3, 2021, Mr. Burns filed a Motion to Extend Deadlines pursuant to La. R.S. 9:5830, alleging COVID-19 related reasons for the requested extension. The exceptions and motion were all first heard on February 9, 2021, after which the trial court ruled from the bench, granting the declinatory Exception of Improper venue, denying the peremptory Exception of Prescription, granting the

21-C-738

Motion to Extend Deadlines, and ordering the case transferred to the 19th Judicial District Court in Baton Rouge.

On February 22, 2021, the trial court rendered a written judgment memorializing its earlier oral rulings. Thereafter, on March 19, 2021, United sought this Court's supervisory review of the February 22, 2021 judgment. On April 27, 2021, this Court granted the writ, in part, on the basis that United had not been properly served with Mr. Burns' motion or given an opportunity to file a written response before the February, 2021 hearing. This Court vacated the February 22, 2021 judgment and remanded the matter with instructions to the trial court to conduct an evidentiary hearing on all matters addressed at the February 9, 2021 hearing.[1]

On November 30, 2021, the trial court again heard the exceptions and motion, thereafter, taking the matter under advisement.[2] On December 6, 2021, the trial court rendered its written judgment. The trial court's judgment reflects that the court addressed first Mr. Burns' Motion to Extend Deadlines, then United's peremptory Exception of Prescription and third, United's declinatory Exception of Improper Venue. The trial court judgment further ordered that the case be transferred to the 19th Judicial District Court. **The trial court judgment provides:**

### JUDGMENT

**…**

**Accordingly, when after having considered the pleadings filed, the law, evidence and argument of counsel:**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the *Motion to Extend Deadlines Pursuant to La.R.S. 9:5830 and for Expedited Hearing* filed by the plaintiff, Christopher Burns, and against the defendant, United Bulk Terminals Davant, L.L.C., is hereby GRANTED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED *Peremptory Exception of Prescription* filed by the defendant, United Bulk Terminals Davant, L.L.C., and against the plaintiff, Christopher Burns, is hereby DENIED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the *Declinatory Exception of Improper Venue* filed by the defendant, United Bulk Terminals Davant, L.L.C., and against the plaintiff, Christopher Burns, is hereby SUSTAINED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the matter entitled Christopher Burns v. United Bulk Terminals, L.L.C., filed in the 24th Judicial District Court be transferred to the 19th Judicial District Court in East Baton Rouge Parish.**

---

[1] *Burns v. United Bulk Terminals Davant, LLC*, 21-135 (La. App. 5 Cir. 4/27/21), -- So.3d --, 2021 WL 1649788.

[2] While relator failed to attach the transcript of the November 30, 2021 hearing to its writ application, relator did include documents, including the minute entry of that proceeding, from which this court is able to discern that at the conclusion of the hearing the trial court took the three matters before it under advisement. Relator also attached to this writ application the December 6, 2021 judgment in question. As the trial court did not rule from the bench, the transcript is unnecessary to the issue addressed in this disposition.

In this writ application, relator, United, seeks this Court's review of the trial court's December 6, 2021 judgment insofar as it overruled United's Exception of Prescription and granted Mr. Burns' Motion to Extend Deadlines pursuant to La. R.S. 9:5830.[3]

## Law and Analysis

A party may properly simultaneously file declinatory and peremptory exceptions. However, in that instance, the trial court should first rule upon a declinatory exception before ruling upon a peremptory exception filed before or at the same time. *Schexnayder v. Gish*, 06-579 (La. App. 5 Cir. 12/27/06), 948 So.2d 313, 314. *See Favorite v. Alton Ochsner Medical Foundation*, 537 So.2d 722 (La. App. 4 Cir. 1988); and *Bennett v. Giarrusso*, 583 So.2d 607 (La. App. 4 Cir.1991).

In this case, relator, United, simultaneously filed a declinatory Exception of Improper Venue and a peremptory Exception of Prescription. Thereafter, Mr. Burns filed his Motion to Extend Deadlines. Although the declinatory and peremptory exceptions were properly filed and heard simultaneously, the trial court erred in failing to rule first upon the declinatory Exception of Improper Venue. Thereafter, upon granting that exception, the trial court further erred in failing to then transfer the case to the 19th J.D.C., the court of proper venue, leaving the two remaining exceptions to be addressed by the 19th J.D.C. *See Favorite v. Alton Ochsner Medical Foundation*, 537 So.2d 722, 724 (La. App. 4 Cir. 1988) (holding that a declinatory exception of improper venue must be tried before a peremptory exception filed before or at the same time.); *Schexnayder v. Gish*, 06-579 (La. App. 5 Cir. 12/27/06), 948 So.2d 313, 314 (holding the trial court was required to rule on exception of improper venue prior to peremptory exception of no right of action and further holding that "…the transferee court should not be bound by a decision of a co-equal court from another parish.").

Accordingly, we hereby grant this writ, vacate the trial court's December 6, 2021 judgment, in part, insofar as it denied United's peremptory Exception of Prescription and granted Mr. Burns' Motion to Extend Deadlines, and remand this case to the 19th Judicial District Court for the Parish of East Baton Rouge for further proceedings.

Gretna, Louisiana, this 26th day of April, 2022.

**FHW**

---

[3] No party has complained of the trial court's ruling on the declinatory Exception of Improper Venue and, thus, that portion of the judgment is not before this Court for review.

3

CHRISTOPHER BURNS                           NO. 21-C-738

VERSUS                                      FIFTH CIRCUIT

UNITED BULK TERMINALS DAVANT, LLC           COURT OF APPEAL

                                            STATE OF LOUISIANA


**WINDHORST, J., CONCURS WITH REASONS**

While I agree with the disposition of this writ, I respectfully disagree with the finding that based on the sequence of the rulings in the judgment, the trial court erred in failing to rule first upon United's declinatory exception of improper venue. In all other respects, I agree.


**SJW**

CHRISTOPHER BURNS

VERSUS

UNITED BULK TERMINALS DAVANT, LLC

NO. 21-C-738

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**LILJEBERG, J., CONCURS WITHOUT REASONS**

**HJL**

21-C-738

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/26/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**21-C-738**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Kirk N. Aurandt (Relator)
Vionne M. Douglas (Respondent)

### MAILED

Stephanie Bridges (Respondent)
Attorney at Law
650 Poydras Street
Suite 2303
New Orleans, LA 70130

Michael W. McMahon (Relator)
Attorney at Law
Post Office Box 5350
Covington, LA 70434

4/26/22



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael W. McMahon
Attorney at Law
Post Office Box 5350
Covington, LA 70434
21-C-738                    04-26-22

9590 9402 2434 6249 3550 67

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6267

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ~~red~~ Mail
☐ ~~red~~ Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

4/26/22

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stephanie Bridges
Attorney at Law
650 Poydras Street
Suite 2303
New Orleans, LA 70130
21-C-738                    04-26-22

9590 9402 2434 6249 3550 50

2. Article Number (Transfer from service label)

7016 2070 0000 0954 6595

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

CURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt