# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 22-351


**HOSPITAL SERVICE DISTRICT NO. 1 OF THE
PARISH OF LASALLE, STATE OF LOUISIANA**

**VERSUS**

**J. REED WALTERS, DISTRICT ATTORNEY,
LASALLE PARISH AND MICHAEL J. WAGUESPACK,
LEGISLATIVE AUDITOR**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 42324
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.


**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

**Jenifer Schaye**
**Angela Heath**
**Patrick Virgadamo**
**1600 N. Third St.**
**P.O. Box 94397**
**Baton Rouge, LA 70804-9397**
**(225) 339-3871**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Michael J. Waguespack, Legislative Auditor**

**J. Reed Walters**
**LaSalle Parish District Attorney**
**Twenty-Eighth Judicial District Court**
**P. O. Box 1940**
**Jena, LA 71342**
**(318) 992-8282**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **J. Reed Walters, LaSalle Parish District Attorney**

**Gregory B. Upton**
**Stephen A. LaFleur**
**Evelyn I. Breithaupt**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Hospital Service District No. 1 for the Parish of LaSalle, State of LA**

**Brett Robinson**
**Louisiana Assistant Attorney General**
**P.O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6083**
**COUNSEL FOR ATTORNEY GENERAL:**
    **Jeffrey M. Landry**

**EZELL, Judge.**

Hospital Service District Number 1 of the Parish of Lasalle, State of Louisiana (Hardtner) sought a declaratory judgment that La.R.S. 46:1073.1, which allows it to purchase stocks and equities with public funds, is constitutional under La.Const. art. VII, § 14(A). Hardtner now appeals a trial court judgment granting exceptions of improper venue, no cause of action, and prematurity in favor of J. Reed Walters, District Attorney, LaSalle Parish; and Michael J. Waguespack, Legislative Auditor of the State of Louisiana.

## FACTS

According to the petition, Hardtner operates a general hospital and related medical facilities in Olla, which provide services for the people of LaSalle Parish and surrounding areas of North Central Louisiana. As part of its obligations, Hardtner manages an operating capital account and other funds used to operate, maintain, support, and expand, as appropriate, its medical facilities. Regarding the investments a hospital service district is permitted to make, La.R.S. 46:1073.1(A) provides:

> Notwithstanding any provision of law to the contrary, a hospital service district may invest its funds as provided by law for investment of funds of the Louisiana State Employees Retirement System, including but not limited to R.S. 11:263; however, any such investment may be made only in compliance with rules and regulations established by the hospital service district commission and in compliance with the provisions of R.S. 11:263 and any other law which provides for investments in which funds of the Louisiana State Employees Retirement System may be invested.

Louisiana Revised Statutes 11:263 applies the prudent-man rule of investing and allows investment in equities, but states that "no governing authority of any system or fund governed by this Subpart shall invest more than fifty-five percent of the total portfolio in equities." However, a governing authority can invest more

than fifty-five percent "so long as not more than sixty-five percent of the total portfolio is invested in equities and at least ten percent of the total equity portfolio is invested in one or more index funds which seek to replicate the performance of the chosen index or indices." *Id.*

Relying on La.R.S. 46:1073.1 and La.R.S. 11:263, Hardtner purchased two shares of SPDR SEP 500 ETF Trust, an exchange-traded fund for a total purchase price of $436.88 sometime in 2021.

According to the petition, the Louisiana Legislative Auditor's office published an article in July 2020 entitled "Investments by Local Political Subdivisions and Municipalities." In question twenty-one, the Legislative Auditor's office stated:

> Under La. Const. art. VII, § 14(A), Hospital Service District No. 1 of the Parish of Terrebonne, may not purchase, either directly or through mutual funds, stocks with public funds. To the extent La.R.S. 46:1073.1 purports to allow public funds to be invested in stocks, the statute is unconstitutional.

The Legislative Auditor points out that this statement is not his opinion but just a reprint from two attorney general opinions: La. Atty. Gen. Op. No. 13-138 (2013) and La. Atty. Gen. Op. No. 19-77 (2020). The Legislative Auditor did not write the opinions nor request the opinions. The information was merely placed on the website for informational purposes.

Louisiana Revised Statutes 24:513 requires the Legislative Auditor to conduct audits of all state agencies, boards, and commissions, as well as local entities. Hardtner's books and accounts are audited and examined by a certified public accountant in accordance with La.R.S. 46:1064, which audit is filed with the Legislative Auditor.

2

Due to a concern that the next audit of Hardtner could result in a finding that its purchase of equites did not comply with the law, Hardtner filed a petition for declaratory judgment against the Legislative Auditor and J. Reed Walters, the District Attorney for LaSalle Parish, on October 28, 2021. In response, the Legislative Auditor filed a declinatory exception of venue, a peremptory exception of no cause of action, and a dilatory exception of prematurity. The District Attorney also filed the same exceptions.

On January 18, 2022, the Attorney General filed a request for notice of the date of trial, hearing or other proceedings, in addition to any orders, decrees, or responses. The request for notice also stated that pursuant to La.Code Civ.P. art. 1880, the Attorney General is not required to be made a party when a state statute is alleged to be unconstitutional but only that he be served with notice.

A hearing on the exceptions filed by the Defendants was held on January 31, 2022. The trial court granted all three exceptions of both Defendants and dismissed Hardtner's case against them without prejudice. Hardtner appealed the judgment.

## EXCEPTION OF VENUE

Hardtner claims the trial court erred in granting the exceptions of venue filed by Defendants. Hardtner argues that ancillary venue supports the filing of the petition in LaSalle Parish because it could have been filed in either East Baton Rouge Parish or LaSalle Parish pursuant to La.R.S. 13:5104.

A court should rule on a declinatory exception of improper venue prior to a peremptory exception filed before or at the same time. *Schexnayder v. Gish*, 06-579 (La. 12/27/06), 948 So.2d 313. As noted by the first circuit in *Tran v. Drinkable Air, Inc.*, 21-182 (La.App. 1 Cir. 10/8/21), 330 So.3d 1125, the trial

3

court has the legal power and authority to consider the peremptory exception only if it has personal jurisdiction.  If the case is not filed in a parish of proper venue, then the trial court does not have the legal power and authority to consider the peremptory exception of no cause of action.  *Id*.  This is because if it is necessary to transfer the suit, the transferee court is not bound by a decision of the court from another parish.  *Schexnayder*, 948 So.2d 313.

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject."  La.Code Civ.P. art. 41.  A suit against two or more defendants must be filed in a proper venue as to all defendants.  La.Code Civ.P. art. 463(2).  The declinatory exception of improper venue is provided by La.Code Civ.P. art. 925(A)(4).  Any objection to venue is waived by failure of the defendant to timely plead the declinatory exception.  La.Code Civ.P. art. 44.

> The general rules for "proper venue as to the defendant" are found in La. C.C.P. art. 42. Louisiana C.C.P. art. 43, on the other hand, states that the general venue rules in art. 42 are subject to the exceptions contained in La. C.C.P. art. 71 through art. 85 and as otherwise provided by law, i.e., the ***exclusive*** venue provisions.

*Hubbard v. Pike*, 42,233, p. 4 (La.App. 2 Cir. 7/11/07), 962 So.2d 1094, 1097.

An appellate court conducts a de novo review of a trial court's ruling on an exception of venue since it presents a question of law.  *Louisiana Pigment Co., L.P. v. Air Liquide America, L.P.*, 13-698 (La.App. 3 Cir. 10/15/14), 149 So.3d 997 (as amended on rehearing 8/15/07).

In the present case the exclusive venue provisions for the State and agencies or political subdivisions of the State are found in La.R.S. 13:5104.  Suit against the Legislative Auditor must be filed in East Baton Rouge Parish.  La.R.S. 13:5104(A).

4

Suit against the District Attorney of LaSalle Parish must be filed in LaSalle Parish. La.R.S. 13:5104(B).

Since suit is not proper in one parish as to both Defendants, Hardtner argues the doctrine of "ancillary venue" as utilized in *Underwood v. Lane Memorial Hosp.*, 97-1997 (La.7/8/98), 714 So.2d 715, applies. The supreme court stated that "[a]ncillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party." *Id.* at 719. The supreme court went on to apply the doctrine of ancillary venue and hold that "properly cumulated actions against two political subdivisions arising out of the same transaction or occurrence may be brought in one of the two specified parishes of proper venue for either of the political subdivisions, but in no other parish." *Id.* at 719-20 (footnote omitted).

We also find that the doctrine of ancillary venue applies in the present case since Hardtner is seeking a declaratory judgment against both Defendants on the common issue concerning the constitutionality of La.R.S. 46:1073.1. Therefore, suit could be filed in either East Baton Rouge Parish or LaSalle Parish. Where proper venue lies in more than one parish, the choice of a proper venue belongs to the plaintiff. *Holland v. Lincoln Gen. Hosp.*, 10-38, 10-47 (La. 10/19/10), 48 So.3d 1050.

Even if the doctrine of ancillary venue applies, the Defendants argue that it should not be applied in this case because the District Attorney agreed to waive venue in LaSalle Parish and consented to venue in East Baton Rouge Parish, therefore venue should be transferred to East Baton Rouge Parish. The trial court

5

agreed and granted the exceptions of venue. Hardtner argues that the District Attorney cannot waive venue because he was sued in the proper parish.

The supreme court has held that the mandatory venue provision of La.R.S. 5104(B) is waivable. *Franques v. Evangeline Parish Police Jury*, 625 So.2d 157 (La.1993).

The Legislative Auditor and the District Attorney argue that the present case is analogous to *Willis-Knighton Health System, Inc. v. Northwest Louisiana Council of Governments*, 49,282, 49,283, 49,558, 49-559 (La.App. 2 Cir. 1/21/15), 162 So.3d 396, *writ denied*, 15-362 (La. 4/24/15), 173 So.3d 1165. In that case, property owners and other parties sought declaratory and injunction relief in Caddo Parish to enjoin construction of a road and further residential development against developers and various government entities and officials. The State of Louisiana, Department of Transportation and Development objected to venue in Caddo Parish and argued that venue against it should be brought in East Baton Rouge Parish pursuant to La.R.S. 13:5104(A). The governmental defendants located in Caddo Parish explicitly waived their right to be sued in Caddo Parish and agreed to a transfer to East Baton Rouge Parish.

The second circuit held that "[b]ecause LDOTD objects to venue and the other governmental defendants have waived their objections, LDOTD's exception must be sustained." *Willis-Knighton Health System*, 162 So.3d at 402. The second circuit went on to hold that "[a]ncillary venue was inapplicable to keep the case against DOTD in Caddo Parish under these circumstances because the other governmental defendants waived the mandatory venue provisions in their favor that would otherwise have kept the case in Caddo Parish." *Id*. The court further explained:

> The doctrine is perfectly applicable, however, to the *Caddo* governmental defendants who, by waiving their own right to mandatory venue in Caddo Parish, conceded that the case against them should proceed in East Baton Rouge Parish along with the case against DOTD. The Caddo defendants' waiver of the mandatory venue provision in their favor is the reason that ancillary venue cannot keep DOTD in Caddo Parish and the reason the case against the Caddo defendants must be heard in the 19th JDC. We also note that the nongovernmental defendants have waived any objection they may have to the transfer.

*Id.* at 402-03.

We respectfully disagree with the second circuit. A waiver is usually defined as the intentional relinquishment of a known power or privilege. "Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it." *Matt v. Safeway Ins. Co. of Louisiana*, 18-442, p. 10 (La.App. 3 Cir. 3/13/19), 269 So.3d 1011, 1020. In this case, suit was brought in a parish of proper venue as to the District Attorney. There was no right of improper venue for the District Attorney to waive. Since venue was proper as to the District Attorney in LaSalle Parish, the District Attorney had no right to pursue an exception of improper venue. The Legislative Auditor had the right to seek an exception of improper venue because he should have been sued in East Baton Rouge Parish; however, the doctrine of ancillary venue allows him to be sued in LaSalle Parish as previously explained. Based on the doctrine of ancillary venue, Hardtner could have filed suit in LaSalle Parish or East Baton Rouge Parish. Therefore, venue was proper in LaSalle Parish, and the exceptions should not have been granted.

## NO CAUSE OF ACTION

Hardtner argues that the exceptions of no cause of action were improperly sustained because it established that it has a cause of action against both the

Legislative Auditor and the District Attorney. Hardtner claims that all preconditions for a dispute exist and that a declaratory judgment would resolve the dispute between the parties. Relying on the language of La.R.S. 46:1073.1, Hardtner believed it could invest funds in equities. Based on the publication by the Legislative Auditor of the two opinions of the Attorney General that La.R.S. 46:1073.1 is unconstitutional, Hardtner claims there is a dispute as to whether it acted lawfully when it purchased two shares of SPDR S&P 500 ETF Trust.

The Legislative Auditor argues that he has never asserted that La.R.S. 46:1073.1 is unconstitutional. He merely alerted auditors and auditees of the Attorney General opinions, which are advisory only. *Raymond v. Iberia Parish Sch. Bd.*, 20-81 (La.App. 3 Cir. 9/30/20), 304 So.3d 1019, *writ denied*, 20-1284 (La. 1/12/21), 308 So.3d 708.

The District Attorney claims that the allegations in the petition that he might assert a criminal proceeding against Hardtner for the illegal purchase of equities is pure speculation and does not state a cause of action.

> As used in the context of a peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert an action against the defendant. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the pleadings and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. La. C.C. P. arts. 927, 931; The burden of showing that the plaintiff has stated no cause of action is upon the exceptor.

*Crooks v. Dep't. of Nat. Resources*, 19-160, p. 16 (La. 1/29/20), 340 So.3d 574, 584-85 (case citations omitted).

Appellate review of a trial court's decision on an exception of no cause of action is de novo because it presents a question of law, and the trial court's decision is based solely on the sufficiency of the petition. *Guidry v. Ave Maria Rosary & Cenacle, Inc.*, 21-507 (La.App. 3 Cir. 6/1/22), 341 So.3d 779. The issue is whether the law affords a remedy on the facts alleged in the petition. *Manning v. State*, 19-698 (La.App. 3 Cir. 9/23/20), 304 So.3d 981, *writ denied*, 20-1239 (La. 12/22/20), 307 So.3d 1038.

Louisiana Code of Civil Procedure Article 1871 provides for a declaratory judgment to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." "A person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." La.Code Civ.P. art. 1872.

> The purpose of the declaratory judgment articles of the Louisiana Code of Civil Procedure is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. La. C.C.P. art. 1881; Goodwin v. City of Mandeville, 18-1118, p. 7 (La. App. 1st Cir. 5/31/19), 277 So.3d 822, 828, *writ denied*, 19-01083 (La. 10/8/19), 319 So.3d 856. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute. Goodwin, 18-1118 at pp. 7-8, 277 So. 3d at 828. Moreover, there must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion. Goodwin, 18-1118 at p. 8, 277 So.3d at 828.

> In the context of a petition for declaratory judgment, a "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute that involves the legal relations of parties with real adverse interests, upon which the judgment of the court may effectively operate through a decree or conclusive character. Goodwin, 18-1118 at pp. 8-9, 277 So.3d at 828.

*Terrebonne Parish Consol. Gov't v. Louisiana Dep't. of Natural Res.*, 21-486, pp. 7-8 (La.App. 1 Cir. 12/30/21), 340 So.3d 940, 944.

Louisiana Code of Civil Procedure Article 1872 does provide for a declaratory judgment when a person's rights are affected by a statute and can have a court determine the validity of a statute if it affects that person's rights. *Wooden v. Louisiana Tax Comm'n*, 94-2481 (La. 2/20/95), 650 So.2d 1157. We recognize that a declaratory judgment is an appropriate process to assess the constitutionality of a statute when there is an actual justiciable controversy between the parties. *Westlawn Cemeteries, L.L.C. v. Louisiana Cemetery Bd.*, 21-1414 (La. 3/5/22), 339 So.3d 548.

In the present case, however, there is no controversy. There has been no action or threatened action against Hardtner. The Legislative Auditor has not questioned the purchase of the equities by Hardtner. The District Attorney has not instituted any criminal action against Hardtner. Hardtner argues that there is a controversy as to whether it is constitutionally permissive for it to invest public funds in equities and is asking this court to declare a statute constitutional that allows it to do so.

A review of the jurisprudence indicates that a party usually seeks a declaration that a statute is **unconstitutional**. In the present case, Hardtner seeks to have La.R.S. 46:1073.1 declared **constitutional**. All statutes are presumed constitutional because the legislature is presumed to have taken the relevant constitutional provisions into consideration when enacting legislation. *Westlawn Cemeteries, L.L.C.*, 339 So.3d 548. The supreme court recognized in *State v. Board of Supervisors, Louisiana State University & Agricultural & Mechanical College*, 228 La. 951, 84 So.2d 597 (1955), that a declaratory judgment is not

available to have a statute declared constitutional as valid legislative action does not involve a controversy.

Therefore, until La.R.S. 46:1073.1 is declared unconstitutional, it is presumed that it is constitutional and anyone acting pursuant to such statute has acted appropriately. As such, there is no controversy under the facts of the case presented at this time. The trial court properly granted both Defendants' exceptions of no cause of action.

Considering our holding sustaining the exceptions of no cause of action, we find no need to address Hardtner's relief requested pursuant to the trial court's grant of the exceptions of prematurity.

For the reasons set forth in this opinion, we reverse the judgment of the trial court sustaining Defendants' exceptions of improper venue. We affirm the judgment of the trial court sustaining Defendants' exceptions of no cause of action, dismissing the case against the Legislative Auditor of the State of Louisiana and the District Attorney of LaSalle Parish.

All costs of this appeal are assessed to Hospital Service District Number 1 of the Parish of Lasalle, State of Louisiana, in the amount of $818.50.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

11